# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **ROGER WALLACE HENDERSON** | § | |
| | § | |
| **V.** | § | **A-06-CA-601-LY** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,**[1] | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:      The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); the Williamson County Sheriff's Motion to Dismiss for Want of Jurisdiction (Document 18); and Petitioner's response thereto (Document 20). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed for failure to exhaust state court remedies.

---

[1] On September 27, 2006, the original respondent, Nathaniel Quarterman, moved to have the Williamson County Sheriff substituted as the respondent in this case. However, as made clear by the Williamson County Sheriff, Petitioner is not in his custody. Accordingly, the Court will substitute Nathaniel Quarterman for the Williamson County Sheriff. As explained in this Report and Recommendation, Petitioner is in TDCJ custody based on the revocation of his parole.

## STATEMENT OF THE CASE

According to Petitioner, he was convicted of assault with bodily injury with an affirmative finding of "family violence" in the County Court of Law No. 3 in Williamson County, Texas. Petitioner asserts, as a result, he was sentenced to 150 days in the county jail.  Petitioner discharged this sentence on August 24, 2004.  See Henderson v. Quarterman, No. A-06-CV-290-LY, Document No. 16 at page 2 of the Revocation Hearing Report.  However, this conviction was used to revoke Petitioner's parole on a Bastrop County conviction for burglary of a building in which Petitioner received a 25-year sentence.  He is currently in the custody of the Texas Department of Criminal Justice for the Bastrop County conviction.

The Williamson County Sheriff moves to dismiss Petitioner's application for habeas corpus relief, because he does not have custody over the petitioner.  The Williamson County Sheriff explains Petitioner has discharged his Williamson County sentence.

## DISCUSSION AND ANALYSIS

A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody.  See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001). " '[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979) (citation omitted).  Petitioner has adequately demonstrated that he is in custody, based on the revocation of his parole in which his Williamson County conviction was

considered. Accordingly, the Williamson County Sheriff's Motion to Dismiss for Want of Jurisdiction should be denied.

Although Petitioner meets the "in custody" requirement, the Court finds that Petitioner has not exhausted his state court remedies with regard to the claims presented in his federal application for habeas corpus relief. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

> (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056,

1059 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  Id.

In the present case, Petitioner was represented by counsel on direct appeal.  The only issue presented by counsel on appeal was whether the trial court violated Petitioner's Sixth Amendment rights by entering an affirmative finding that "the said Defendant committed family violence in the course of committing the offense charged."  Henderson v. State, No. 03-04-00687-CR, 2006 WL 952374 (Tex. App. – Austin 2006, pet. ref'd).  Petitioner argues he tried to raise additional issues in a pro se petition for discretionary review and other documents submitted to the appellate court but they were unfiled and not considered.  Petitioner fails to explain why he did not raise these additional issues in a state application for habeas corpus relief.

Because Petitioner has not properly presented his claims to the Texas Court of Criminal Appeals, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. See, Deters v. Collins, 985 F.2d 789 (5th Cir. 1993).  However, Petitioner makes no allegations that

4

any exceptional circumstances are present in this case.  Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.[2]

## RECOMMENDATION

It is recommended that the Williamson County Sheriff's Motion to Dismiss be denied.  It is further recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

---

[2]  In addition, the Court notes Petitioner is challenging the revocation of his parole in Cause No. A-06-CV-290-LY.  Petitioner should raise all of his challenges to the revocation of his parole in that case.

5

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of November, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE